## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHARMAINE REED, SOPHIA BAILEY,
OSCAR DAVIS, CA SHAE HAYES,
GLORIA JACKSON, ERICA MCGRIFF,
RHONDA O'CONNOR, PATRICIA PRICE,
RONALD SWEATT, on behalf of themselves
and all other similarly situated persons,
known and unknown,

                Plaintiffs,

v.

POSITIVE CONNECTIONS, INC. a/k/a
STUDENT TRANSPORTATION OF
AMERICA a/k/a STA,

                Defendant.

## COMPLAINT AT LAW

Plaintiffs Charmaine Reed, Sophia Bailey, Oscar Davis, Ca Shae Hayes, Gloria Jackson,

Erica McGriff, Rhonda O'Connor, Patricia Price, and Ronald Sweatt, (collectively, the "Named

Plaintiffs"), on behalf of themselves and all other similarly situated persons, known and

unknown (the "Plaintiff Class"), by and through their attorneys, Caffarelli & Associates Ltd.,

complain against Defendant Positive Connections, Inc. a/k/a Student Transportation of America

a/k/a STA ("STA" or the "Company"), as follows:

### NATURE OF ACTION

1.    Plaintiffs bring this lawsuit as a collective/class action pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 Ill.

Comp. Stat.105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 Ill.

Comp. Stat. 115/1, *et seq.*, ("IWPCA") based upon Defendant's failure to pay Plaintiffs for all

hours worked, and its failure to compensate Plaintiffs at the rate of one and one-half times their regular rate of pay ("overtime') for all hours worked in excess of forty (40) per workweek.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      The unlawful employment practices described herein were committed at STA's facilities located within the State of Illinois.  Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.      Sophia Bailey ("Bailey") resides in South Holland, Illinois, in this judicial district, and worked as a bus driver for Defendant during the applicable statute of limitations period.

5.      Oscar Davis ("Davis") resides in South Holland, Illinois, in this judicial district, and worked as a bus driver for Defendant during the applicable statute of limitations period, from in or around October 2004 through the present date.

6.      Ca Shae Hayes ("Hayes") resides in Glenwood, Illinois, in this judicial district, and worked as a bus driver for Defendant during the applicable statute of limitations period.

7.      Gloria Jackson ("Jackson") resides in Calumet City, Illinois, in this judicial district, and worked as a bus driver for Defendant during the applicable statute of limitations period.

8.      Erica McGriff ("McGriff") resides in Country Club Hills, Illinois, in this judicial district, and worked as a bus driver for Defendant during the applicable statute of limitations period, from in or around 2007 through approximately February 16, 2016.

9.     Rhonda O'Connor ("O'Connor") resides in Lansing, Illinois, in this judicial district, and worked as a bus driver for Defendant during the applicable statute of limitations period.

10.     Patricia Price ("Price") resides in Matteson, Illinois, in this judicial district, and worked as a bus driver for Defendant during the applicable statute of limitations period.

11.     Charmaine Reed ("Reed") resides in Phoenix, Illinois, in this judicial district, and worked as a bus driver for Defendant during the applicable statute of limitations period, from in or around April 2013 through approximately October 28, 2015.

12.     Ronald Sweatt ("Sweatt") resides in Park Forest, Illinois, in this judicial district, and worked as a bus driver for Defendant during the applicable statute of limitations period, from on or around April 1, 2011 through the present date.

13.     The Named Plaintiffs and the Plaintiff Class that they seek to represent are current and former employees in Illinois who have worked as bus drivers for STA and were subjected to all or some of the following violations: (a) they were not paid overtime for hours worked in excess of forty (40) per week; (b) they were not paid for all time worked, and (c) they were not provided with agreed-upon reimbursements for work-related expenses that they sustained in order to perform their job duties.

14.     During the relevant statutory periods, each of the Named Plaintiffs and members of the Plaintiff Class were employed by Defendant as "employees" as defined by the FLSA, IMWL, and IWPCA.

15.     During the course of their employment, the Named Plaintiffs and members of the Plaintiffs Class were not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a, or the FLSA, 29 U.S.C. § 207.

16.     STA is an Illinois corporation doing business within this judicial district, engaged in the bus transportation business.  It is located at 2320 W 167th Street, Markham, Illinois 60428.

## FACTUAL ALLEGATIONS

17.     Each of the Named Plaintiffs and members of the Plaintiff Class (the "Drivers") worked as bus drivers for the Defendant during the past three years.

18.     Each Driver was assigned to a route, and each route was estimated to take anywhere from 2.5 to approximately 10 hours per day to complete.

19.     The Defendant had two main yards (the "Yard"), located at 162nd and 167th Streets in Markham, Illinois, where the buses were parked and to where the Drivers were required to report, prior to and after completing their assigned routes.  At the Yard, Drivers could retrieve and return their keys, park their buses, clean and maintain their buses, turn in timesheets, and/or clock in and out of work.

20.     Prior to 2015, Drivers submitted time sheets to the Defendant.  Defendant instructed Drivers not to put extra time on their time sheets, beyond the number of hours that the Defendant estimated it should have taken the Drivers to complete their routes.  For instance, a driver who worked five days per week with a daily route that was estimated to take 7.5 hours per day, would be limited to filling in 7.5 hours of work per day on her time sheet, regardless of the amount of time in excess of 7.5 hours that she actually spent completing her route or performing other work.

21.     When Drivers indicated on their time sheets that they worked more than the amount of time deemed necessary by the Defendant, the Defendant would strike out portions of the time sheet and would not provide the Drivers with compensation for that "extra" time worked.  For example, if a Driver whose route was estimated to take 7.5 hours per day took a

road that had an inordinate amount of traffic, bringing the time for that route to 8.25 hours on a particular day, the Defendant would not pay the Driver for the extra .75 hours spent in traffic.

22.     When the Named Plaintiffs and the members of the Plaintiff Class indicated on their time sheets that they worked over the "expected" number of hours included in their route per day, they were not paid for the extra time worked.  Instead, they were paid only for as much time as the Defendant estimated it should have taken them to complete their routes.

23.     The Defendant's policies and practices with regard to adjusting its Drivers' hours to reflect fewer hours than the Drivers actually worked, were applied uniformly with respect to the Named Plaintiffs and members of the Plaintiff Class.

24.     Drivers are expected to come to work before they leave to complete their routes, in order to perform tasks such as starting their bus, making sure it is clean, getting gas, and filling out paperwork.  The Defendant does not compensate Drivers for this work.

25.     Drivers are expected to stay late after they complete their routes, in order to complete tasks such as cleaning their bus, getting gas, and filling out paperwork.  The Defendant does not compensate Drivers for this work.

26.     Each Driver is expected to buy his or her own cleaning materials, including but not limited to window cleaner, wipes, brooms, paper towels, and trash receptacles, and to keep his or her bus clean on the inside.  The Defendant does not pay for these materials, and does not compensate its drivers for time spent cleaning and maintaining their buses.

27.     The Named Plaintiffs and members of the Plaintiff Class were not compensated for the pre- and post-route work they performed for the Defendant, as described above.

28.     On average, Drivers spent anywhere from 15-45 minutes per day, typically five days per week, performing pre- and post-route work for the Defendant for which they were not compensated.

29.     The Defendant's policies and practices with regard to its failure to pay Drivers for performing pre- and post-route work were applied uniformly with respect to the Named Plaintiffs and members of the Plaintiff Class.

30.     Drivers who worked over forty hours per workweek were paid at their straight-time rate for all hours worked.  Until at least October 2015, the Defendant failed to provide overtime compensation to its Drivers, regardless of how many hours in excess of forty the Drivers worked per week.

31.     For instance, Plaintiff McGriff worked a route that was expected to take up to 52 hours per week.  Defendant provided her with her straight time rate for all 52 hours per week, and did not provide her with payment at the rate of one and one-half McGriff's hourly rate of pay (the "overtime rate") for the 12 hours of overtime she regularly worked each week.

32.     As another example, Plaintiff Davis worked a route that was expected to take up to 48.75 hours per week.  Defendant provided Davis with his straight time rate for all 48.75 hours per week, and did not provide him with pay at his overtime rate for the 8.75 hours of overtime he regularly worked each week.

33.     The Defendant's policies and practices with regard to its failure to pay an overtime rate to Drivers were applied uniformly with respect to the Named Plaintiffs and members of the Plaintiff Class.

34.     Defendant issued pay stubs reflecting the total number of hours that its Drivers worked during a two-week pay period, instead of breaking down hours workweek-by-workweek.

As such, a Driver who worked 35 hours in one week and 45 hours in the next week of a pay period would receive a pay stub indicating that the Driver had worked 80 hours, with no overtime pay.

35. For instance, Plaintiff Reed worked a route that was estimated to take an average of 30 hours per week to complete, and also worked additional charter routes and performed extra activity runs such that she routinely worked over eighty hours during each two-week pay period. Defendant did not break down Reed's hours by workweek, such that she was accurately compensated. Reed did not receive pay at an overtime rate, regardless of how many hours she worked over forty in any given workweek.

36. The Defendant's policies and practices with regard to its failure to accurately pay its Drivers overtime workweek-by-workweek, were applied uniformly with respect to the Named Plaintiffs and members of the Plaintiff Class.

37. The Defendant knew or should have known about its obligations to compensate its Drivers for every hour worked, and at the appropriate overtime rate for hours worked in excess of forty per week.

## CLASS ALLEGATIONS

38. The Named Plaintiffs bring this action on behalf of themselves and all putative members of the Plaintiff Class.

39. With respect to unpaid overtime wages, the Named Plaintiffs represent, and are members of, the putative class defined as follows:

"All persons within the state of Illinois who (1) were employed by STA as bus drivers, (2) within the applicable statute of limitations prior to the filing of the original Complaint in this action, (3) who at any time worked in excess of forty (40) hours per week, and (4) who were not compensated at the proper overtime rate of one and one-half their regular rate of pay for all hours over forty (40) per week."

7

40.     With respect to unpaid off-the-clock wages, the Named Plaintiffs represent, and are members of, the putative class defined as follows:

> "All persons within the state of Illinois who (1) were employed by STA as bus drivers, (2) within the applicable statute of limitations prior to the filing of the original Complaint in this action, and (3) who were not provided with the agreed-upon compensation for every hour worked."

41.     The Named Plaintiffs reserve the right to modify their class definitions and/or divide their classes into sub-classes, as applicable, as more information becomes available.

42.     The Named Plaintiffs do not know with certainty the number of members in either Plaintiff Class at this time, but reasonably estimate that each putative Class includes over 300 individuals, drawn from over the statutory period.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

43.     This action is brought as a class action under Fed. R. Civ. P. 23 because the members of the Plaintiff Class are so numerous that joinder of all members is impracticable.

44.     The Named Plaintiffs and members of the Plaintiff Class were harmed by acts of Defendant in at least the following ways: Defendant failed to compensate putative Class overtime wages when they worked over forty (40) in one week; Defendant failed to pay for all time worked, and to provide the Named Plaintiffs and members of the Plaintiff Class with the agreed-upon reimbursements for work-related expenses that the Class members sustained in order to perform their job duties.

45.     The Plaintiff Class members may be reluctant to raise individual claims for fear of retaliation, or for fear that bringing an individual claim against a former employer may hinder their ability to find new employment.

46.     This class action suit seeks only damages and any other relief permitted under the

IMWL and IWPCA.  The Named Plaintiffs reserve the right to expand, combine, or subdivide the Class definitions as warranted, as facts are learned in further investigation and discovery.

47.     The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class.

48.     The Named Plaintiffs, the Plaintiff Class, and Defendant has a commonality of interest in the subject matter and remedy sought.

49.     The Named Plaintiffs are able to fairly and adequately represent and protect the interests of the Plaintiff Class.  The Named Plaintiffs have no interests antagonistic to those of the Plaintiff Class, and Defendant has no defenses unique to the Named Plaintiffs.

50.     The Named Plaintiffs' Counsel is competent and experienced in class and complex litigation.

51.     If individual actions were required to be brought by each member of the class affected, the result would be a multiplicity of actions, creating a hardship to the Plaintiff Class, to the Court and to Defendant.  Accordingly, a class action is not only appropriate, but the superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with the law.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52.     Defendant has acted on grounds generally applicable to the Plaintiff Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Plaintiff Class as a whole.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**(Collective Action)**

53.     Plaintiffs incorporate paragraphs 1 through 52 as though fully set forth herein.

54. This Count arises from Defendant's violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay the Named Plaintiffs and all members of the Plaintiff Class for all hours worked, and overtime wages for all hours worked in excess of forty (40) per workweek.

55. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207. The Named Plaintiffs attach as Group Exhibit A their Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

56. All past and present employees of Defendant who performed non-exempt work as bus drivers and who were not paid for all hours worked and/or were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Named Plaintiffs, in that Defendant applied its compensation policies, which violate the FLSA, on company-wide bases for at least all members of the Plaintiff Class.

57. Defendant's failure to pay for all hours worked and its failure to pay overtime wages for all hours worked over forty (40) per workweek are willful violations of the FLSA, since Defendant's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

58. The Named Plaintiffs' experiences are typical of the experiences of the putative members of the Plaintiff Class, as set forth above.

59. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

60.    The members of the Plaintiff Class who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiffs Charmaine Reed, Sophia Bailey, Oscar Davis, Ca Shae Hayes, Gloria Jackson, Erica McGriff, Rhonda O'Connor, Patricia Price, and Ronald Sweatt, on behalf of themselves and all other similarly situated individuals, known and unknown, respectfully request that this Court enter an order as follows:

a)    Awarding judgment for back pay equal to the amount of all unpaid regular rate and overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b)    Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

c)    Awarding prejudgment interest with respect to the amount of unpaid compensation;

d)    Awarding reasonable attorneys' fees and costs incurred in filing this action;

e)    Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f)    Awarding such additional relief as the Court may deem just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW
### (Class Action)

61.    Plaintiffs incorporate the paragraphs 1 through 52 as though fully set forth herein.

62.    This Count arises from Defendant's violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for its failure to pay the Named Plaintiffs and members of the Plaintiff Class for all hours worked and overtime wages for all hours worked in excess of forty (40) per workweek.

63.    Pursuant to the IMWL, the Named Plaintiffs and members of the Plaintiff Class were entitled to be paid at least the minimum wage for all hours worked, and for all weeks

during which the Named Plaintiffs and the members of the Plaintiff Class worked in excess of forty (40) hours, they were entitled to be compensated with overtime wages.

64.     Defendant violated the IMWL by failing to compensate the Named Plaintiffs and the Plaintiff Class for all hours worked, and at the appropriate overtime rate all hours worked in excess of forty (40) per workweek.

WHEREFORE, Plaintiffs Charmaine Reed, Sophia Bailey, Oscar Davis, Ca Shae Hayes, Gloria Jackson, Erica McGriff, Rhonda O'Connor, Patricia Price, and Ronald Sweatt, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request that this Court enter an order as follows:

a)      Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

b)      Appointing Named Plaintiffs as Class Representatives and their Counsel as Class Counsel;

c)      Awarding judgment in an amount equal to all unpaid back pay owed to Named Plaintiffs and all others similarly situated pursuant to the IMWL;

d)      Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e)      Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

f)      Awarding reasonable attorneys' fees and costs incurred in filing this action;

g)      Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

h)      Ordering such other and further relief as this Court deems appropriate and just.

**COUNT III**
**ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**(Class Action)**

65.     Plaintiffs incorporate paragraphs 1 through 52 as though fully set forth herein.

66.     Defendant was obligated to pay the Named Plaintiffs and members of the Plaintiff Class at the agreed-upon rate(s) for all work that the Named Plaintiffs and members of the Plaintiff Class performed.

67.     During the course of their employment, Defendant did not pay the Named Plaintiffs and members of the Plaintiff Class at the agreed-upon rate(s) for all hours of work performed, resulting in the payment of lower-than-agreed-upon wages to the Drivers.

68.     Defendant violated the IWPCA by failing to fully and properly compensate the Named Plaintiffs and other members of the Plaintiff Class at the agreed-upon rate(s) for all hours of work performed.

WHEREFORE, Plaintiffs Charmaine Reed, Sophia Bailey, Oscar Davis, Ca Shae Hayes, Gloria Jackson, Erica McGriff, Rhonda O'Connor, Patricia Price, and Ronald Sweatt, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request that this Court enter an order as follows:

a)      Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23;

b)      Appointing Named Plaintiffs as Class Representatives and their Counsel as Class Counsel;

c)      Awarding judgment in an amount equal to all unpaid back pay owed to named Plaintiffs and all others similarly situated pursuant to the IWPCA;

d)      Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e)      Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

f)      Awarding reasonable attorneys' fees and costs pursuant to 820 Ill. Comp. Stat. 115/14(a);

g)      Entering an injunction precluding Defendant from violating the IWPCA; and

h)  Ordering such other and further relief as this Court deems appropriate and just.

Dated: March 17, 2016

Alejandro Caffarelli, #06239078
Lorrie T. Peeters, #6290434
Alexis D. Martin, #06309619
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880

Respectfully submitted,

CHARMAINE REED, SOPHIA BAILEY,
OSCAR DAVIS, CA SHAE HAYES,
GLORIA JACKSON, ERICA MCGRIFF,
RHONDA O'CONNOR, PATRICIA
PRICE, and RONALD SWEATT, on
behalf of themselves and all other similarly
situated persons, known and unknown,


By: /s/  Alejandro Caffarelli
    Attorney for Plaintiffs