UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARMAINE REED, SOPHIA BAILEY, OSCAR DAVIS, CA SHAE HAYES, GLORIA JACKSON, ERICA MCGRIFF, RHONDA O'CONNOR, PATRICIA PRICE, RONALD SWEATT, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>POSITIVE CONNECTIONS, INC. a/k/a STUDENT TRANSPORTATION OF AMERICA a/k/a STA,<br><br>Defendant. | Case No. 16 C 3377<br><br>Magistrate Judge Sidney Schenkier |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiffs, bus drivers currently or formerly employed by defendant, Positive Connections, have brought suit on behalf of themselves and a putative class of similarly situated persons alleging that defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA") by failing to pay plaintiffs for all their hours worked and failing to compensate plaintiffs at the rate of one and one-half times their regular rate of pay ("overtime") for all hours worked in excess of forty hours per workweek (doc. # 23: Am. Compl. at ¶ 1). Defendant has moved for partial dismissal of plaintiffs' first amended complaint ("Complaint") pursuant to Federal Rule of Civil Procedure

---

[1]On May 25, 2016, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to the Court for all proceedings, including entry of final judgment (doc. # 33).

12(b)(6), seeking to dismiss the IWPCA claim (Count III) with prejudice (doc. # 35: Def.'s Partial Mot. to Dismiss).[2] For the reasons that follow, we grant defendant's motion to dismiss, but without prejudice.

I.

In ruling on a Rule 12(b)(6) motion to dismiss, we accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See White v. Keely*, 814 F.3d. 883, 887-88 (7th Cir. 2016). We set forth the well-pleaded facts relevant to plaintiffs' IWPCA claim below.

Plaintiffs worked as bus drivers for defendant, and defendant "agreed to compensate each [plaintiff] at an hourly rate for the work that [plaintiffs] performed" (Am. Compl., ¶¶ 17-18). Defendant's practice was to estimate how many hours it would take each plaintiff to complete their daily route and limit plaintiffs to filling in that number of hours on their time sheets (*Id.*, ¶ 22). If plaintiffs indicated on their time sheets that they worked more than the estimated amount of hours per day, defendant would strike out the additional time and not pay plaintiffs for it (*Id.*, ¶¶ 23-24). Plaintiffs spent on average 15 to 45 minutes each day -- before starting and after finishing their routes -- cleaning their buses, getting gas, and/or filling out paperwork, but they were not compensated for this time (*Id.* ¶¶ 26-27, 30).

Plaintiffs allege that defendant violated the IWPCA because it was obligated to, but did not, compensate plaintiffs "at the agreed-upon hourly rate(s) for all work" that they performed, "resulting in the payment of lower-than-agreed-upon wages to the Drivers" (Am. Compl., ¶¶ 71-

---

[2] In their motion, defendant also sought dismissal of any portions of the Complaint seeking compensation under the FLSA and the IMWL "for anything other than overtime compensation" (Def.'s Partial Mot. to Dismiss at 2). In their response brief, plaintiffs state that they are only asserting claims for overtime compensation under the FLSA and the IMWL (doc. # 40: Pls.' Resp. at 7). They are not seeking compensation for gap time or cleaning supplies (*Id.*). Accordingly, to the extent the Complaint can be construed as asserting claims for more than overtime compensation under the FLSA or the IMWL, we grant defendant's motion to dismiss these claims. In addition, plaintiffs clarify that they do not seek overtime compensation under the IWPCA, but only the straight time rate that they allege was agreed upon for all time worked (*Id.*).

73). Plaintiffs do not allege what the agreed-upon hourly rate was, or whether or not there was a written agreement between defendant and plaintiffs to pay a specific hourly rate.

## II.

Defendant argues that the Complaint fails to state a claim for violation of the IWPCA because it does not sufficiently allege the existence of an employment contract or agreement between plaintiffs and defendant (Def.'s Partial Mot. to Dismiss at 2). "To survive dismissal, the complaint must give enough factual information to 'state a claim to relief that is plausible on its face.'" *Defender Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "Allegations in the form of legal conclusions" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *First Mercury*, 803 F.3d at 334 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

While "[t]he IWPCA provides employees with a cause of action against employers for the failure to timely and completely pay their earned wages," it defines wages "narrowly." *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016). The IWPCA defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2. That said, "[a]n 'agreement' is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons; parties may enter into an 'agreement' without the formalities and accompanying legal protections of a contract." *Zabinsky v. Gelber Grp., Inc.*, 807 N.E.2d 666, 671 (Ill. App. 2004). Thus, under the IWPCA, "an employment agreement can be entirely implicit" and "employers and employees can manifest their assent to conditions of employment by conduct alone," *i.e.*, "by acting in a

3

manner consistent with an employment agreement." *Landers-Scelfo v. Corporate Office Sys., Inc.*, 827 N.E.2d 1051, 1058-59 (Ill. App. 2005).

The dispute here can be boiled down to one question: whether plaintiffs adequately plead that they had an employment contract or agreement with defendant that entitled them to compensation which defendant did not pay. Plaintiffs claim they have done so, arguing that they "have alleged facts supporting an agreement between the parties that they worked for the Defendant in exchange for compensation at an hourly rate for the time they spent working" (doc. # 40: Pl.'s Resp. at 1).

We disagree. Plaintiffs' allegation that defendant "agreed to compensate" them at an hourly rate, or that there existed an "agreed-upon hourly rate," is as conclusory as they come. *See, e.g., Elder v. Comcast Corp.*, No. 12 C 1157, 2012 WL 3835100, at *2 (N.D. Ill. Sept. 4, 2012) (describing statement that the defendant "promised to pay class members" as "conclusory" under *Twombly*). "It is well established that an employee can have no claim under the IWPCA unless the employer and employee agreed that the former would compensate the latter for the particular work allegedly performed." *Gallardo v. Scott Byron & Co.*, No. 12-CV-7202, 2014 WL 126085, at *14 (N.D. Ill. Jan. 14, 2014); *see also Brown v. Lululemon Athletica, Inc.*, No. 10 C 5672, 2011 WL 741254, at *3 (N.D. Ill. Feb. 24, 2011) (same); *Jaramillo v. Garda, Inc.*, No. 12 C 662, 2012 WL 1378667, at *2 (N.D. Ill. Apr. 20, 2012) ("[T]he IWPCA merely demands that employers pay whatever wages were agreed to."). In the Complaint here, plaintiffs do not allege what work defendant agreed to pay for. Plaintiffs merely allege that defendant did not pay them their allegedly agreed-upon hourly rate for all of the hours they spent "work[ing]" (Am. Compl., ¶¶ 71-73).

In *Hoffman v. Roadlink Workforce Solutions, LLC*, No. 12-7323, 2014 WL 3808938 (N.D. Ill. Aug. 1, 2014), the district court held that an IWPCA claim containing similar allegations to those in the Complaint here failed to state a claim. In *Hoffman*, the plaintiffs alleged that they "had agreements within the meaning of the IWPCA to be compensated for all hours worked at the rates agreed to by the parties," and that the defendants "did not pay Plaintiffs for all hours worked at the rates agreed to by the parties." *Id.* at *5. The district court dismissed the IWPCA claim without prejudice because the complaint failed to allege that the defendants agreed to pay the plaintiffs at a particular rate, and failed to allege that the plaintiffs had any agreement with the defendants requiring them to compensate the plaintiffs for certain pre-shift and post-shift time. *Id.*

As in *Hoffman*, plaintiffs in this case fail to sufficiently allege an agreement as required to state a claim under the IWPCA. Plaintiffs' allegation that they spent uncompensated time before and after driving their routes cleaning their buses, getting gas, and/or filling out paperwork does not provide additional support for their IWPCA claim, because plaintiffs do not allege that defendant had an agreement to compensate plaintiffs for that particular work. *See Lululemon*, 2011 WL 741254, at *3 (dismissing IWPCA claim without prejudice where the complaint did not allow the court to reasonably infer that the defendant agreed to compensate the plaintiff for "ancillary activities," such as time spent attending a staff meeting, taking an exercise class, or listening to a motivational CD). Plaintiffs' allegation that defendant did not compensate them for time spent beyond their estimated work time each day does not make it any more plausible that defendant had agreed to pay plaintiffs for this time. *See Smith v. C.H. James Rest. Holdings, L.L.C.*, No. 11 C 5545, 2012 WL 255806, at *2 (N.D. Ill. Jan. 26, 2012) ("[t]o conclude that [the plaintiff] had some sort of informal agreement with Defendants merely by

working for them would render moot the rule that the IWPCA does not provide an independent substantive right to pay absent some agreement"). To the contrary, as defendant points out, plaintiffs actually allege the opposite; that defendant's practice was *not* to pay for any time they worked beyond the estimated time (Def.'s Mem. at 6; doc. # 43: Def.'s Reply at 3-4). In short, the Complaint contains no "indication of mutual assent," that would allow its IWPCA claim to survive. *Brown v. Illinois Bell Tel. Co.*, No. 15 C 2709, 2016 WL 212939, at *6 (N.D. Ill. Jan. 19, 2016).[3]

## CONCLUSION

Thus, we grant defendant's partial motion to dismiss (doc. # 35). Count III is dismissed without prejudice; if plaintiffs seek to re-plead their IWPCA claim, they should seek leave to file their second amended complaint by August 30, 2016. To the extent the Complaint can be construed as asserting claims for more than overtime compensation under the FLSA or the IMWL, we grant defendant's motion to dismiss these claims with prejudice, in light of plaintiffs' representations (Pls.' Resp. at 7) that they will not pursue claims for more than overtime compensation under the FLSA or the IMWL.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

DATE: August 16, 2016

---

[3] The cases cited by plaintiffs are inapposite. *See Zamudio v. Nick & Howard LLC*, No. 15-3917, 2015 WL 6736679, at *4 (N.D. Ill. Nov. 4, 2015) (plaintiffs pointed to an employment agreement -- the training manual -- "ensuring them of payment for the activities in question"); *Sorensen v. CHT Corp.*, Nos. 03-1609, 03-7362, 2004 WL 442638, at *4-5 (N.D. Ill. Mar. 10, 2004) (both parties agreed that their compensation arrangement was contractual in nature).